Submitted on respondents' petitions for review filed on April 29, reconsideration allowed on petition of SAIF; opinion (111 Or App 571, 826 P2d 107) modified and adhered to as modified; reversed and remanded for further proceedings; petition of National Council on Compensation Insurance denied June 10, SAIF's petition for reconsideration filed on opinion on reconsideration denied August 5, both petitions for review denied September 29, 1992 (314 Or 391)

Daniel DURON,
dba Daniel Duron Company,
*Petitioner,*

*v.*

The Filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE
and SAIF Corporation,
*Respondents.*

(89-06-23; CA A66673)

833 P2d 1289

Peter A. Ozanne, William H. Replogle and Schwabe, Williamson & Wyatt, Portland, for petition of National Council on Compensation Insurance.

Michael O. Whitty, Special Assistant Attorney General, and Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem, for petition of SAIF Corporation.

Ted M. Miller, Portland, *contra*.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

**EDMONDS, J.**

SAIF petitions for review of our decision, 111 Or App 571, 826 P2d 107 (1992), arguing that we erred in concluding that it was not entitled to bill employer for an additional premium for workers' compensation insurance. We treat the petition as one for reconsideration, ORAP 9.15, modify our opinion and adhere to it as modified.

National Council on Compensation Insurance also petitions for review. We deny its petition without discussion.

SAIF contends that we erred by not remanding to the Department of Insurance and Finance (DIF) to determine the factual issues raised by the application of ORS 737.310(12).[1] ORS 183.482(7). We agree and remand to DIF for that purpose.

■■ SAIF also asserts that our opinion does not "counter" the dissent's argument that our interpretation of ORS 737.310(12) "renders ORS 737.310(10) meaningless." 111 Or App at 578. ORS 737.310(10) permits the director, by rule, to prescribe conditions under which an employer is permitted to divide its payroll among different classifications. The dissent suggests that, on the basis of our interpretation of ORS 737.010(12), "employers could allocate all payroll to the lowest assigned rating classification and then preclude the carrier from challenging that allocation by asserting the reclassification bar of ORS 737.010(12)." 111 Or App at 578. To the contrary, our construction of ORS 737.310(12) does not preclude the carrier from challenging a classification. We give effect to the plain language of the statute by saying that, if SAIF wishes to challenge successfully the classifications of

---

[1] ORS 737.310(12) (*since amended by* Or Laws 1991, ch 768, § 1) provides, in part:

"The insurer shall not bill an insured for reclassifying employees during the policy year unless:

"(a) The insured knew or should have known that the employees were misclassified;

"(b) The insured provided improper or inaccurate information concerning its operations; or

"(c) The insured's operations changed after the date information on the employees is obtained from the insured."

employer's employees in 1989 and to charge additional premiums for 1988, it must comply with the statute's requirements. ORS 737.310(12) is a limitation, not a preclusion, on the ability of a carrier to charge retroactive premiums. Furthermore, ORS 737.310(10) no longer has any application to employer's 1988 payroll, because SAIF determined, after the audit, that employer's work activities should all be placed in one classification and employer does not dispute that action.

Reconsideration allowed on petition of SAIF; opinion modified and adhered to as modified; reversed and remanded for proceedings not inconsistent with this opinion; petition of National Council on Compensation Insurance denied.

**WARREN, P. J.,** dissenting.

I would allow both petitions for the reasons stated in my dissent in *Duron v. National Council on Comp. Ins.*, 111 Or App 571, 826 P2d 107 (1992). Therefore, I dissent again.